## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD J. TRUMP; THE TRUMP
ORGANIZATION, INC.; TRUMP
ORGANIZATION LLC; THE TRUMP
CORPORATION; DJT HOLDINGS LLC;
THE DONALD J. TRUMP REVOCABLE
TRUST; and TRUMP OLD POST OFFICE
LLC,

                           Plaintiffs,

v.

MAZARS USA LLP,

                           Defendant,

and

COMMITTEE ON OVERSIGHT AND
REFORM OF THE U.S. HOUSE OF
REPRESENTATIVES,

                    Intervenor-Defendant.

Civil Action No. 1:19-cv-01136-APM

## PLAINTIFFS' OBJECTIONS TO RULE 65(a)(2) CONSOLIDATION

Last Thursday at 4:00 P.M., the Court notified the parties that the hearing on Plaintiffs' motion for a preliminary injunction would also be the final trial on the merits. *See* Dkt. 25. Because the hearing is tomorrow, the Court's consolidation will force Plaintiffs to try their case on only four days' notice, with no discovery, with little opportunity to assemble evidence, before Defendants have filed a single pleading, with no idea which facts are actually in dispute, and without a round of briefing focused on the merits. While Plaintiffs understand the Court's desire to decide this case efficiently, resolving it in this way—and on this schedule—will severely prejudice Plaintiffs. Put simply, proceeding in this fashion will deny Plaintiffs a full and fair opportunity to assemble a record and brief the merits of their constitutional claim.

Plaintiffs thus respectfully oppose consolidation under Rule 65(a)(2). The Committee did not request consolidation or ask this Court to resolve this dispute more rapidly than the parties' negotiated (and already accelerated) schedule. *See* 4/23/2019 Minute Order. Consolidation on such short notice, moreover, would undermine Plaintiffs' constitutional due-process rights. And it would disserve the parties, the judiciary, and the public by ensuring this unprecedented constitutional dispute between the President and Congress is decided without full merits briefing or a complete record. For all these reasons, the President of the United States, and the other Plaintiffs, respectfully ask this Court to limit tomorrow's hearing to the motion for a preliminary injunction or, in the alternative, cancel tomorrow's hearing and set a schedule for trial on the merits that would allow the record to be fully developed and the legal issues to be adequately briefed and argued. Only by proceeding in one of these ways will the Court be able "fully to consider and to act on this matter" from the "best available perspective, both as to underlying evidence and [its] appraisal thereof." *U.S. Servicemen's Fund v. Eastland*, 488 F.2d 1252, 1256-57 (D.C. Cir. 1973).

\*     \*     \*

It is "generally inappropriate" for a district court to issue a final judgment based on arguments and evidence presented "at the preliminary-injunction stage." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Thus, while Rule 65(a)(2) allows a district court to consolidate the preliminary-injunction hearing with the trial, this procedure is "seldom" appropriate. *Pughsley v. 3750 Lake Shore Drive Co-op. Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972) (Stevens, J.); *accord* Wright & Miller, 11A Fed. Prac. & Proc. Civ. §2950 (3d ed.) (consolidation "generally is inappropriate"). As the First Circuit has explained, courts rarely use consolidation due to "the all-too-real hazards"—both legal and factual—"inherent in fully disposing of cases in such an expedited fashion." *Caribbean Produce Exch., Inc. v. Sec'y of Health & Human Servs.*, 893 F.2d 3, 5 (1st Cir. 1989).

Legally, consolidation threatens "incomplete coverage of relevant issues." *Id.* The questions at the preliminary-injunction stage are "entirely different" from the merits of the case. *H&W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 177 (5th Cir. 1988). The merits turn on "actual success," while "the focus of a preliminary-injunction hearing" is typically on the "issues of irreparable harm and reasonable probability of success." *N. Arapahoe Tribe v. Hodel*, 808 F.2d 741, 753 (10th Cir. 1987); 11A Fed. Prac. & Proc. Civ. §2950. Because the briefs "operate[] on the assumption that only the preliminary injunction was at stake," the parties ordinarily address the merits only with respect to "the four criteria ordinarily applicable to requests for preliminary injunction"—leaving a "number of significant questions … unaddressed, or inadequately developed." *Caribbean Produce*, 893 F.2d at 6-7. Thus, a plaintiff who "'address[ed] only issues of preliminary relief should not ordinarily be bound by its abbreviated and only partially informed presentation of the merits,'" even when the dispute "turns completely on legal issues" and even if the plaintiff "has not pointed to any factual evidence that it might have presented to the district court." *aaiPharma Inc. v. Thompson*, 296 F.3d 227, 234 (4th Cir. 2002). If the plaintiff's claim has a *legal* flaw, then "'the Federal Rules provide an adequate and orderly

procedure for … summary dismissal'" via motion to dismiss, motion for summary judgment, or motion for a directed verdict; but "'[o]nly by adherence to the spirit of these rules,'" not consolidation, "'can we be sure of a full hearing—the essence of due process.'" *Gellman*, 538 F.2d at 606-07.

Factually, consolidation hamstrings the plaintiff's ability to "present all relevant evidence." *Caribbean Produce*, 893 F.2d at 5. When the plaintiff moves for a preliminary injunction at the beginning of the case, consolidation completely "denie[s]" his "right" to find "additional evidence through discovery." *Gellman v. Maryland*, 538 F.2d 603, 606 (4th Cir. 1976). As then-Judge Stevens explained, courts cannot force parties "either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial"; courts should simply "complete[] the emergency hearing and then allow[] discovery to proceed in due course." *Pughsley*, 463 F.2d at 1057. Even when the plaintiff has "had the opportunity to present *some* evidence on the underlying merits," that "is not enough" reason to skip ahead to a trial. *H&W*, 860 F.2d at 178. The "evidence" used to support a preliminary injunction is "customarily … less complete" than the evidence presented at trial, "given the haste that is often necessary" and the "[d]ifferent standards of proof and of preparation." *Camenisch*, 451 U.S. at 395; *Pughsley*, 463 F.2d at 1057. Hence, courts should not "assume that the often incomplete evidence adduced at a preliminary injunction hearing is sufficient to determine whether a claimant is entitled to judgment as a matter of law." *H&W*, 860 F.2d at 177; *accord aaiPharma*, 296 F.3d at 234 ("[T]he facts adduced at a preliminary injunction hearing often will not be sufficient to permit an informed determination of whether a direction for the entry of judgment is appropriate." (cleaned up)); *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1187 (10th Cir. 1975) ("'A plaintiff putting on his case for temporary relief may hold back evidence, or, indeed, his case may not be fully developed.'").

Given these legal and factual concerns, district courts that are contemplating consolidation must at least give the plaintiff "a reasonable time … to prepare a showing upon which the final

outcome of the case may depend." 11A Fed. Prac. & Proc. Civ. §2950. Because consolidation means the parties "are now on trial," the district court must notify them "before it is too late for them to make sure that they have developed their case to the full." *Warehouse Groceries Mgmt., Inc. v. Sav-U-Warehouse Groceries, Inc.*, 624 F.2d 655, 658 (5th Cir. 1980). In other words, "the parties must be given sufficient notice … to allow them 'adequately to develop their *entire* case.'" *Update Art, Inc. v. Charnin*, 110 F.R.D. 26, 36 (S.D.N.Y. 1986) (emphasis added); *accord Warehouse Groceries*, 624 F.2d at 658 ("The [consolidation] order cannot come so late … that it is impossible for the parties adequately to develop their entire case."). Due process requires it. *Lamex Foods, Inc. v. Audeliz Lebron Corp.*, 646 F.3d 100, 107 n.7 (1st Cir. 2011).

Here, consolidation would violate these principles. To begin, Plaintiffs have not been afforded a reasonable time to adequately prepare for a trial that will finally decide their entire case. The Court informed the parties that it was considering consolidation four calendar days (and two business days) before the preliminary-injunction hearing. Over that same period, Plaintiffs' counsel had to prepare for the preliminary-injunction hearing itself, draft these objections, attend to several other active matters, and brief the legality of two other congressional subpoenas in the Southern District of New York. *See* Dkt. 22 in *Trump v. Duetsche Bank*, No. 1:19-cv-3826-ER (S.D.N.Y.) (setting May 15 as the deadline for Plaintiffs' reply brief). Adding a trial to all of that is simply "too fast a track." *Caribbean Produce*, 893 F.2d at 5. Even without these additional obligations, four calendar days is not enough time for any counsel to prepare for a trial in any case—let alone a case of this magnitude. *Cf. United States v. Williams*, 576 F.3d 385, 389 (7th Cir. 2009) (holding that "four days" consisting of "one half-day, two weekdays, and two weekend days" was an "unrealistic" timeline for a trial attorney to prepare for the testimony of one key witness).

Nor have the parties had the opportunity to fully brief the important constitutional questions that this case presents. Although the Committee easily could have, it has not filed a motion for

summary judgment (or even a motion to dismiss) in this case, which would have "assure[d] [the court] that … every factual and legal argument available" would be made by the parties. *Ga. S. & F. Ry.*, 373 F.2d at 498. Instead, all the Court has before it to decide these novel, precedent-setting issues of constitutional law are briefs filed by the parties on the understanding that they were litigating a preliminary injunction. It would be unwise and unfair to decide the case based on these preliminary, hastily-drafted briefs. *Caribbean Produce*, 893 F.2d at 6-7; *aaiPharma*, 296 F.3d at 234; *see also Wyoming v. U.S. Dep't of Interior*, 2015 WL 9463708, at *1 (D. Wyo. Dec. 17, 2015) (denying consolidation because "the arguments advanced by the parties … were made in the context of the standard for granting a preliminary injunction"). It would be especially unfair to Plaintiffs, who spent no more than a third of their briefs on the merits and instead emphasized the "serious questions" standard for a preliminary injunction. Plaintiffs were entitled to a preliminary injunction under that standard, *see Cigar Ass'n of Am. v. FDA*, 317 F. Supp. 3d 555, 560-61 (D.D.C. 2018) (Mehta, J.), and they focused on it because the Committee proved unable to offer a persuasive response to Plaintiffs' request for interim relief. Ordering consolidation *after* Plaintiffs filed their preliminary-injunction briefs—and without giving the parties a chance to file new briefs that address the merits directly—is like "'changing … the nature of the game at halftime.'" *Gellman*, 538 F.2d at 605 (quoting *T.M.T. Trailer Ferry, Inc. v. Union De Tronquistas De Puerto Rico, Local 901*, 453 F.2d 1171, 1172 (1st Cir. 1971)). Plaintiffs respectfully ask the Court to reconsider doing so.

Finally, consolidation is inappropriate at this juncture because Plaintiffs have received no responsive pleadings, have had little time to investigate their claims, and have been given no discovery. As Plaintiffs read the governing caselaw, courts can evaluate whether a congressional investigation has a "legitimate legislative purpose," at a minimum, based on the legislators' stated or conceded purposes. *See McGrain v. Daugherty*, 273 U.S. 135, 180 (1927); *Shelton v. United States*, 404 F.2d 1292, 1297 (D.C. Cir. 1968). When this objective evidence is available, courts should not hypothesize potential purposes

or accept lawyers' "retroactive rationalization[s]" for a congressional investigation. *Watkins v. United States*, 354 U.S. 178, 204 (1957). Thus, to bolster their claim (or, if this Court disagrees, to build a record for appeal), Plaintiffs had planned to develop this type of factual record regarding the Committee's subpoena to Mazars.

Consolidation at this early stage of the case, however, would foreclose Plaintiffs' ability to accomplish that task. The Committee has not yet filed an answer, so Plaintiffs do not know whether the Committee disputes their allegations about the true purposes for issuing the Mazars subpoena. Indeed, without a responsive pleading, Plaintiffs cannot know *any* of the facts or evidence that the Committee may dispute. *See Gellman*, 538 F.2d at 605 (reversing consolidation when "the defendants had not filed a responsive pleading or even made … a motion to dismiss"); *N. Arapahoe Tribe*, 808 F.2d at 753 (reversing consolidation when "the [defendant] had yet to file a pleading"). Further, Committee members and other congressional leaders have made many public statements about the purposes for issuing the Mazars subpoena. Plaintiffs have been able to collect only some of those statements in the weeks since the subpoena was issued. *See Wohlfahrt v. Mem'l Med. Ctr.*, 658 F.2d 416, 418 (5th Cir. 1981) (vacating a district-court decision ordering consolidation when only a "month [had] elapsed between the filing of [the] complaint and the hearing on preliminary injunctive relief"); *N. Arapahoe Tribe*, 808 F.2d at 753 (reversing consolidation when "[l]ess than a month had elapsed since the [challenged law] was enacted"); *H&W*, 860 F.2d at 178 (vacating a district-court decision that ordered consolidation when "[t]he parties had conducted discovery for only six weeks").

And while Plaintiffs do not anticipate propounding substantial discovery, they already know that they need at least two important documents: the memoranda of understanding that Chairman Cummings negotiated with Chairman Adam Schiff and Chairwoman Maxine Waters. *See* Dkt. 1 ¶32. Plaintiffs recently learned that Ranking Member Jordan has a copy of these nonpublic memoranda, *see* 4/24/2019 Ltr. from Ranking Member Jordan to Chairwoman Waters, bit.ly/2vRi7yF, and Plaintiffs

have no reason to believe that he would invoke immunity or otherwise object to a discovery request seeking their production. The memoranda could prove highly relevant to Plaintiffs' argument that, instead of furthering a legitimate legislative purpose, the subpoena is part of an effort to expose the President's finances or to conduct a law-enforcement investigation. Indeed, according to one official who saw them, the memoranda reveal "an agreement to conspire and coordinate [three committees'] efforts to attack and investigate POTUS." Dkt. 1 ¶32. Their secretiveness is also telling, and these unusual agreements to coordinate subpoenas and share information undermine the notion that the Mazars subpoena is an effort by a single committee to enact legislation within its jurisdiction.

Beyond these memoranda, Plaintiffs can of course obtain discovery from Mazars (which enjoys no immunity) about its communications with the Committee. And members of the Committee may have other documents or communications relevant to the Mazars subpoena that they are willing to share. Without any discovery, of course, Plaintiffs cannot know for sure. But that is why the Federal Rules and principles of due process give Plaintiffs a right to develop their case and conduct at least some discovery before trial.

*     *     *

When he sat on the Seventh Circuit, Justice Stevens held that consolidation cannot force parties to choose between "forego[ing] discovery in order to seek emergency relief" or "forego[ing] a prompt application for an injunction in order to prepare adequately for trial." *Pughsley*, 463 F.2d at 1057. Yet here, consolidation denies Plaintiffs even that choice. Because the Committee subpoenaed a third-party custodian, Plaintiffs cannot "forego a prompt application for an injunction," *id.*; Mazars would moot Plaintiffs' right to challenge the subpoena by simply complying with the Committee's demand. Consolidation thus forces Plaintiffs to proceed to trial, and to do so only weeks after filing their complaint, with only days to prepare, on a limited record, and based on briefing that focused on the preliminary-injunction standard.

For these reasons, Plaintiffs respectfully ask that the Court not consolidate the preliminary-injunction hearing with a trial on the merits and limit tomorrow's hearing to Plaintiffs' preliminary-injunction motion. After the Court resolves that motion, the parties can negotiate a schedule for accelerated discovery and merits briefing that will resolve this case efficiently consistent with Plaintiffs' right to due process. In the alternative, Plaintiffs asks the Court to cancel tomorrow's hearing and set a schedule for trial that would allow the record to be fully developed and the legal issues to be adequately briefed and argued. Only by proceeding in one of these ways can the Court be assured that the President and the other Plaintiffs will "have their day in court on these issues." *N. Arapahoe Tribe*, 808 F.2d at 753.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>Dated: May 13, 2019</td><td>  *s/ William S. Consovoy*    </td></tr>
<tr><td>Stefan C. Passantino (D.C. Bar #480037)<br>MICHAEL BEST & FRIEDRICH LLP<br>1000 Maine Ave. SW, Ste. 400<br>Washington, D.C. 20024<br>(202) 747-9582<br>spassantino@michaelbest.com</td><td>William S. Consovoy (D.C. Bar #493423)<br>Cameron T. Norris<br>CONSOVOY MCCARTHY PARK PLLC<br>3033 Wilson Blvd., Ste. 700<br>Arlington, VA 22201<br>(703) 243-9423<br>will@consovoymccarthy.com<br>cam@consovoymccarthy.com</td></tr>
<tr><td>*Counsel for The Trump Organization, Inc., Trump Organization LLC, The Trump Corporation, DJT Holdings LLC, The Donald J. Trump Revocable Trust, and Trump Old Post Office LLC*</td><td>Patrick Strawbridge<br>CONSOVOY MCCARTHY PARK PLLC<br>Ten Post Office Square<br>8th Floor South PMB #706<br>Boston, MA 02109<br>patrick@consovoymccarthy.com<br><br>*Counsel for President Donald J. Trump*</td></tr>
</table>