Duane Morley Cox
1199 Cliffside Dr.
Logan, Utah 84321
Ph: 801-755-3578

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

|  |  |  |
|---|---|---|
| Donald J. Trump, et. al | + | Civil Action No. 1:19-cv-1136 |
|  | + |  |
| Plaintiffs | + |  |
|  | + | Petition For Delay Of Decision |
| Committee On Oversight And Reform | + |  |
|  | + |  |
| Defendants | + |  |

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**NOW COMES**, Duane Morley Cox, Pro Se and files this Petition For Delay

Of Decision in the above action.

From what information is available, it appears that the Court may be on a

course to render its decision before the Court accepts and the Parties and Court can

consider my concerns in my proposed Amicus Brief.

This would in my humble opinion be an injustice to those of us who believe in

President Trump.  This because at oral arguments as summarized by Margaret

Taylor, 15 May 2019 @ www.lawfareblog.com that:

1.     There may have been no discussion of 18 USC Section 4 which seems to me a

plain admission by Congress that the proper venue for consideration of Mr. Cohen's

allegations would be an investigation/prosecution as appropriate by the

Executive/Judicial branches, not Congress, and may therefore be dispositive in

Pg 1


RECEIVED
Mail Room

MAY 21 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

favor of Plaintiff's arguments, and

2.    There may have been no discussion at all concerning President Trump's "Absolute Immunity" to what amounts to harrassment of President Trump about personal affairs having nothing to do with his tenure in office such that it impairs or detracts, if not destroys, his ability to deal with issues which the voters elected him to dovote his full attention to - as held by the U.S. Supreme Court.

> "The President's unique status under the Constitution distinguishes him from other executive officials {Citations Omitted}.  Because of the singular importance of the President's duties, diversion of his energies ... would raise unique risks to the effective functioning of government.  As is the case with prosecutors and judges for whom absolute immunity now is established  – a President must concern himself with matters likely to "arouse the most intense feelings." *Pierson v. Ray, 386 U.S. at 554*.  Yet, as our decisions have recognized, it is in precisely such cases that there exists the greatest public interest in providing an official "the maximum ability to deal fearlessly and impartially with" the duties of his office. *Ferri v. Ackerman, 444 U.S. 193, 203 (1979)*.  This concern is compelling where the officeholder must make the most sensitive and far-reaching decisions entrusted to any official under our Constitutional system. {Citations Omitted} Nor can the sheer prominence of the President's office be ignored.  In view of the visibility of his office and the effect of the actions on countless people, the President would be an easily identifiable target for suits ... {Citations Omitted} Cognizance of this personal vulnerability frequently could distract a President from his public duties, to the detriment of not only the President and his office but also the Nation that the Presidency was designed to serve." ***Nixon v. Fitzgerald,*** *457 U.S. 731 @ 750 - 753*

From which the Court must consider whether or not the circumstance before the Court is such that the distractions involved with the consequences of the subject Subpoena warrant the imposition of "Absolute Immunity" where the U.S. Supreme Court has also held that:

> "The existence of alternative remedies and deterrents establish that absolute immunity will not place the President above the law [Footnote Omitted].  For

the President, as for judges and prosecutors, absolute immunity merely precludes a particular private remedy for alleged misconduct in order to advance compelling public ends." ***Id.,*** *@ 758*

Thus, where the reporting by Margaret Taylor indicated that the parties have until the 18th to provide all of their information and arguments, but the Court cannot issue an order allowing me to file my brief until the 24th (14 days after being served), it seems like my opinions will never see the light of day.  So, I sincerely appologize for perhaps "jumping the gun", but this is an issue vital to all who voted to elect the President Trump to solve problems which have confronted our Nation, without resolution, for far too long.

Relief Sought:

It is respectively requested that full fair consideration be given to my brief before a decision is reached by this Court.


Sincerely:

Duane Morley Cox, Pro Se
1199 Cliffside Dr.
Logan, Utah 84321
Ph: 801-755-3578

Dated:  5/17/2019

## Certificate Of Service

I, Duane Morley Cox, Pro Se, does hereby swear that on *12th* May 2019, that I

did serve a true and correct copy of the attached Petition For Delay Of Decision to

the below listed parties by first class mail, postage pre-paid.


Clerk
U.S. District Court (Original Plus Adv. Fax)
District of Columbia
Room 1225
333 Constitution Avenue N.W.
Washington D.C. 20001
Fax: 202-354-3524

Patrick Strawbridge
Consovoy McCarthy Park PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109

Legal Office
Mazars USA LLP
135 West 50th Street
New York, NY 10020

William S. Consovoy
Cameron T. Norris
Consovoy McCarthy Park PLLC
3033 Wilson Blvd., Ste 700
Arlington, VA 22201

House Committee on Oversight and Reform
2157 Rayburn House Office Building
Washington, D.C. 20515

Stefan C. Passantino
Michael Best & Freiedrich LLP
1000 Maine Ave. SW, Ste. 400
Washington, D.C. 20024


_____
Duane Morley Cox, Pro Se

*19 May 2019*
Date