IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD J. TRUMP; THE TRUMP ORGANIZATION, INC.; TRUMP ORGANIZATION LLC; THE TRUMP CORPORATION; DJT HOLDINGS LLC; THE DONALD J. TRUMP REVOCABLE TRUST; and TRUMP OLD POST OFFICE LLC,

      *Plaintiffs*,

  v.

MAZARS USA LLP,

      *Defendant*,

COMMITTEE ON OVERSIGHT AND REFORM OF THE U.S. HOUSE OF REPRESENTATIVES,

      *Intervenor-Defendant*.

Case No. 1:19-cv-01136-APM

**JOINT STATUS REPORT**

**Statement of Plaintiffs' Position**

  Following this Court's June 15 status conference, the Plaintiffs conferred with their clients and engaged in several rounds of negotiations with the Committee about ways in which this dispute could be resolved. Plaintiffs' proposals included a willingness to make a significant portion of the documents sought by the Committee available to staff and/or members with reasonable terms (which they remain willing to further negotiate) that would ensure the elaborate and voluminous financial details sought by the Committee would not be used for improper purposes. Plaintiffs made this offer despite their strong conviction that these requests go far

beyond the limits of Congress's subpoena power, as set forth in the Supreme Court's recent decision in this case.

The Committee claims that an impasse exists, but in Plaintiffs' view that is true only because of the Committee's refusal to pursue an actual compromise and to cut off negotiations as quickly as possible. The Committee also accuses Plaintiffs of seeking only delay, but Plaintiffs have responded diligently throughout this week, and have offered to continue negotiating and to mediate—both before the hearing or even while this case is argued and a decision is pending (if the Court permits). To the extent the Committee is frustrated with the time its efforts to enforce this subpoena have taken, that is hardly Plaintiffs' fault. It was the Committee's decision to submit the first ever subpoena for a President's private papers. This unprecedented case has been litigated in a timely fashion, largely upon an agreed-upon and expedited schedule. The Supreme Court ultimately rejected the Committee's broad assertion of power, and remanded this case (without expediting the mandate, despite the Committee's request). Unlike in other related litigation, the Committee here declined to take any step to narrow its subpoena on remand, and the Committee continues to claim it needs tens of thousands of pages of documents to reconstruct a detailed financial history of Plaintiffs (but no other current or former Presidents) for broad legislation of dubious constitutionality.

Courts in the past have ordered parties to continue to negotiate, even when the parties believed significant differences remained. *See, e.g., U. S. v. American Tel. & Tel. Co.*, 567 F.2d 121, 122 (D.C. Cir. 1977). If the Court wishes to do so here, or discuss further with the parties the state of their settlement negotiations, Plaintiffs are willing to participate.

**Statement of Intervenor-Defendant's Position**

Pursuant to this Court's instructions during the June 15, 2021 status conference, the parties have made serious efforts to narrow their dispute and to determine whether an accommodation is possible. Through these exchanges, it has become clear that the parties remain at an impasse with respect to key categories of documents. The Committee thus urges the Court to proceed with the summary judgment hearing on July 1, and to decide this matter as quickly as possible. Moreover, for the reasons described below, the Committee does not believe that any attempt at mediation would be fruitful.

During the status conference, this Court instructed the parties to attempt to negotiate a resolution, including by "devis[ing] a list of what they want, what are the core documents, over what period of time, what really matters here, and what is it that they're prepared to give on." 6/15/21 Hrg. Tr. 23. Both sides have followed this Court's instruction and these exchanges have confirmed that Plaintiffs are unwilling to agree to production of key categories of documents that are necessary to satisfy the Committee's legislative purposes.

The Committee identified categories of documents in the subpoena that must be produced for any settlement to be viable. Plaintiffs continue to dispute the Committee's need for those categories of documents. Plaintiffs prefer delay, including a potentially lengthy mediation process, but no amount of time will resolve their refusal to agree to produce documents that the Committee must have to satisfy its legislative needs.

The parties made some progress in negotiating an agreement for a narrow set of documents. But that limited progress only highlights how far apart the parties remain—despite their good-faith efforts to accommodate—with respect to core items in the subpoena. Plaintiffs contend that they made reasonable compromise offers, but in the Committee's view (which was

conveyed to Plaintiffs) those offers as a practical matter would amount to a nearly complete blockade of the Committee's inquiry.  Indeed, Plaintiffs propose that zero documents would be produced.  They propose to share a limited set of documents *in camera*, but to severely restrict the Committee's use of any information obtained.  Rather than ensuring that the documents "would not be used for improper purposes," these restrictions would make it impossible for the Committee to use the information in an effective manner to craft and pass legislation.  The main point that the past week confirmed is that the parties are nowhere close to each other because they have a fundamental disagreement about what the law provides.  Because the parties are at an impasse regarding the core documents essential to the Committee's investigation, it would not be fruitful to engage in mediation involving only a very limited set of documents.

      There is no discernible path to a negotiated resolution, and the Committee respectfully requests that the Court hold the summary judgment hearing on July 1.  The Committee issued this subpoena more than two years ago and continues to need the subpoenaed information for its ongoing conflicts-of-interest investigation.  Plaintiffs have an interest in delay—which will continue to shield the Mazars documents from production—but the Court should not allow the former President to run out the clock not only on one Congress, but on two Congresses.  The Committee remains willing to make good-faith efforts at accommodation as the litigation proceeds, but there is no reason to stall resolution through litigation for a negotiation process that is exceedingly unlikely to succeed.

                  Respectfully submitted,

                  */s/ Douglas N. Letter*
                  Douglas N. Letter (D.C. Bar No. 253492)
                    *General Counsel*
                  Todd B. Tatelman (VA Bar No. 66008)
                  Megan Barbero (MA Bar No. 668854)
                  William E. Havemann (VA Bar No. 86961)

Eric R. Columbus (D.C. Bar No. 487736)

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

*Counsel for Intervenor-Defendant Committee on Oversight and Reform of the U.S. House of Representatives*

s/ *William S. Consovoy*
William S. Consovoy (D.C. Bar #493423)
Cameron T. Norris
Alexa R. Baltes
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
cam@consovoymccarthy.com
lexi@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
patrick@consovoymccarthy.com
Counsel for President Donald J. Trump

Stefan C. Passantino (D.C. Bar #480037)
MICHAEL BEST & FRIEDRICH LLP
1000 Maine Ave. SW, Ste. 400
Washington, D.C. 20024
(202) 747-9582
spassantino@michaelbest.com

*Counsel for The Trump Organization, Inc., Trump Organization LLC, The Trump Corporation, DJT Holdings LLC, The Donald J. Trump Revocable Trust, and Trump Old Post Office LLC*

June 23, 2021

5

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2021, I caused the foregoing document to be filed via this Court's CM/ECF system, which I understand caused service on all registered parties.

/s/ *Douglas N. Letter*
Douglas N. Letter