**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONALD J. TRUMP; THE TRUMP ORGANIZATION, INC.; TRUMP ORGANIZATION LLC; THE TRUMP CORPORATION; DJT HOLDINGS LLC; THE DONALD J. TRUMP REVOCABLE TRUST; and TRUMP OLD POST OFFICE LLC, | Civil Action No. 1:19-cv-1136-APM |
| Plaintiffs, | **ORAL HEARING HELD ON JULY 1, 2021** |
| v. | |
| MAZARS USA LLP, | |
| Defendant, | |
| and | |
| COMMITTEE ON OVERSIGHT AND REFORM OF THE U.S. HOUSE OF REPRESENTATIVES, | |
| Intervenor-Defendant. | |

**RESPONSE TO NOTICE**

The Committee's notice raises more questions than it answers. The Committee treats GSA's recent production as a matter of legislative grace—a batch of new documents that it will *allow* Mazars to withhold. *See* Notice (Doc. 67) 1. But if the Committee is right that this Court can look past "the time the subpoena was issued," Cross-MSJ Reply (Doc. 62) 8, then GSA's production goes to the merits of this case: It affects whether the Committee still needs to take the "significant step" of provoking a "'constitutional confrontation,'" whether the Committee has "other sources" that "could reasonably provide" the information it needs to legislate, and whether the subpoena is "broader than reasonably necessary." *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2035-36 (2020).

Though GSA's production implicates the subpoena's legality, the Committee won't even describe what GSA produced. That should have been easy: GSA includes cover letters with its productions, like the one it included in its similar production to the Transportation Committee. *See* 4th Supp.

1

Consovoy Decl. (Doc. 60-2) Ex. C. But the Committee will only tell this Court that GSA's production responds to Chairman Cummings' "April 12, 2019 request," and that the production includes "[s]ome" documents that are responsive to the Mazars subpoena. Notice 1. When Plaintiffs emailed the Committee for more information, the Committee would only say that GSA's production is either "16,000" or "1,600" pages, covers the time period of "approximately 2013 to 2018," and was provided with a request for confidentiality. *See* Ex. A. The Committee also asserted that "six financial statements" produced by GSA were responsive to the Mazars subpoena, but it did not explain how GSA's production was responsive to Chairman Cummings' April 2019 request or give any other details.

Absent anything suggesting otherwise, this Court should assume that GSA has now fully complied with Chairman Cummings' April 2019 request. It is thus reasonable to infer that the Committee now has all monthly revenues and expenses for the Trump Old Post Office since November 2016, all financial statements that Plaintiffs submitted to GSA regarding the lease, and all documents in GSA's possession concerning Mazars. *Compare* Ltr. from Cummings to Murphy 2-3 (Apr. 12, 2019), bit.ly/3zb9uxj, *with* 3d Supp. Consovoy Decl. (Doc. 54-2) Ex. D. The Committee might be right that these documents are "only a very small handful" of the documents requested by the Mazars subpoena (though, that fact simply follows from the subpoena's staggering breadth). Ex. A. But the question is not what information the Committee still wants; the question is what information the Committee still reasonably needs to legislate.

GSA's production confirms that the Committee cannot justify the Mazars subpoena as part of a legislative agenda about leases or emoluments. According to Chairwoman Maloney, the Committee subpoenaed Mazars—a "neutral third party"—precisely "[b]ecause GSA" had "with[e]ld documents" in response to Chairman Cummings' April 2019 request. Maloney Memo. 23, 20-22 (Doc. 56-2, Ex. F). That reasoning is no longer true. The Committee now has "what was submitted for GSA review." Cross-MSJ (Doc. 56) 7-8. If the documents in Mazars' possession are not an "exact duplicate"

of GSA's, Notice 2, that's because Mazars has documents that were never submitted to GSA—and that are thus irrelevant to what "financial information [Plaintiffs were] required to submit." Cross-MSJ 25. The Committee's insistence that some of Plaintiffs' filings with GSA might have been false, *see* Notice 2, continues to be supported by nothing except Cohen's testimony about entirely unrelated filings, *see* Maloney Memo. 20 ("as Mr. Cohen alleged"); Cross-MSJ 7 ("[t]he documents provided by Cohen"); Cross-MSJ 32 n.8 ("his own attorney testified"). That evidence-free speculation was always unjustified, but it's even more unjustified without support in the actual documents that were submitted to GSA—documents the Committee now possesses. Also unsupported is the Committee's speculation about hypothetical "emoluments" concerning unspecified debts. 7/1/21 Tr. 95-96. The Committee now has detailed information about the Trump International Hotel, which has long been the focus of its emoluments concerns and provides a far larger sample than it needs to pass broad legislation.

At the very least, the Committee cannot carry its burden of justifying this subpoena until it goes through GSA's production and assesses what it still needs to legislate. Its vague notice is woefully insufficient. Especially after GSA's apparently voluminous production, this Court should deny the Committee's cross-motion and grant Plaintiffs' motion for summary judgment.

<div style="margin-left:50%">

Respectfully submitted,

</div>

Dated: July 18, 2021

<div style="margin-left:50%">

*s/ Patrick Strawbridge*
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
patrick@consovoymccarthy.com

</div>

## CERTIFICATE OF SERVICE

I filed this response with the Court via ECF, which will electronically notify everyone requiring notice.

Dated: July 18, 2021

<div style="margin-left:50%">

*s/ Patrick Strawbridge*

</div>

3

# Exhibit A



## Trump v. Mazars

**Columbus, Eric** <Eric.Columbus@mail.house.gov>          Thu, Jul 15, 2021 at 11:38 PM
To: Patrick Strawbridge <patrick@consovoymccarthy.com>, Cam Norris <cameron@consovoymccarthy.com>
Cc: "Letter, Douglas" <Douglas.Letter@mail.house.gov>, "Tatelman, Todd" <Todd.Tatelman@mail.house.gov>, "Fahsel, Stacie" <Stacie.Fahsel@mail.house.gov>

Patrick,

The Committee received approximately 1,600 pages of material in response to the Committee's April 12, 2019, request related to the Trump Old Post Office Hotel.  However, only a very small handful of documents consisting of approximately six financial statements that were prepared by Mazars for Trump Old Post Office LLC appear to fall within the scope of the Committee's subpoena to Mazars (under Item #1). The relevant time period is approximately 2013 to 2018. As previously mentioned, the Committee intends to communicate with Mazars regarding any feasible ways to reduce Mazars' burden by excluding identical documents received from GSA.

GSA requested confidential treatment of the materials and requested that the Committee consult with it prior to publicly releasing any of the materials.  Under normal Committee practice, the Committee does not grant prospective assurances of non-disclosure prior to receiving documents containing confidential commercial or financial information.  If the Committee plans to publicly disclose documents it has received containing such information, Committee staff may, to the extent practicable, provide the producing party reasonable notice of the planned disclosure and an opportunity to identify specific concerns or requests for redactions.

While the Committee has engaged in discussions with the Transportation and Infrastructure Committee (T&I) related to production that they received in response to separate requests to GSA, the Committee has not obtained any documents from T&I.  Therefore, the Committee is not in a position to compare productions.  Due to some overlap in the Committees' requests, we believe there could be overlap in the materials produced by GSA.  However, there are also material differences in the requests that could result in different production sets.

Eric

Eric Columbus

Office of General Counsel

U.S. House of Representatives

5140 O'Neill House Office Building

Washington, DC  20515

Eric.Columbus@mail.house.gov

(202) 225-9700

**From:** Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Sent:** Thursday, July 15, 2021 6:17 PM
**To:** 'Patrick Strawbridge' <patrick@consovoymccarthy.com>; Letter, Douglas <Douglas.Letter@mail.house.gov>
**Cc:** Cam Norris <cameron@consovoymccarthy.com>; Columbus, Eric <Eric.Columbus@mail.house.gov>; Fahsel, Stacie <Stacie.Fahsel@mail.house.gov>
**Subject:** RE: Trump v. Mazars

Patrick,

We asked your questions to the Committee staff that received and is reviewing the GSA production, but we have not heard back from them with specific answers.  Our office is not normally copied on or otherwise involved with document productions by agencies to Committees.  We do know that the volume of

the production was approximately 16,000 pages, but do not have any other information to provide at this time.  As soon as we have additional information from the Committee we will let you know.

Thanks,
Todd

---

**From:** Patrick Strawbridge <patrick@consovoymccarthy.com>
**Sent:** Thursday, July 15, 2021 5:29 PM
**To:** Letter, Douglas <Douglas.Letter@mail.house.gov>
**Cc:** Tatelman, Todd <Todd.Tatelman@mail.house.gov>; Cam Norris <cameron@consovoymccarthy.com>; Columbus, Eric <Eric.Columbus@mail.house.gov>; Fahsel, Stacie <Stacie.Fahsel@mail.house.gov>
**Subject:** Re: Trump v. Mazars

Doug:

The answers to some of these questions would appear to be obvious from the circumstances under which these documents were produced. I certainly do not want to file a response with the Court without your answers, but we do need to respond quickly. Can you tell us whatever you do know tonight?

Thanks,

Patrick

Patrick Strawbridge

**Consovoy McCarthy PLLC**

Ten Post Office Square

8th Floor South PMB #706

Boston, MA  02109

617.227.0548 (work)

www.consovoymccarthy.com



On Wed, Jul 14, 2021 at 10:10 PM Letter, Douglas <Douglas.Letter@mail.house.gov> wrote:

> Patrick
>
> We will try to get you this information as soon as we can – I cannot guarantee that we will have this info by 2 pm tomorrow.
>
> *Douglas N. Letter*

*General Counsel*

*Office of General Counsel*

*U.S. House of Representatives*

*5140 O'Neill House Office Building*

*Washington, DC 20515*

*Douglas.Letter@mail.house.gov*

*(202) 225-9700*

---

**From:** Patrick Strawbridge <patrick@consovoymccarthy.com>
**Sent:** Wednesday, July 14, 2021 8:54 PM
**To:** Letter, Douglas <Douglas.Letter@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Cam Norris <cameron@consovoymccarthy.com>; Havemann, Will <Will.Havemann@mail.house.gov>; Columbus, Eric <Eric.Columbus@mail.house.gov>
**Subject:** Trump v. Mazars


Doug:


In the interest of providing additional information to the Court, can you advise us as to some information not included in your filing tonight:


1) Which specific categories of documents sought in the subpoena are included in GSA's production?

2) What is the volume of documents produced?

3) Are these the same set of documents produced to the Transportation Committee? If not, how do they differ?

4) Are there any conditions on the Committee's use of these documents, including any assurances of confidential treatment by the Committee?


We ask that you provide any response to these questions by 2 p.m. tomorrow.


Thanks,


Patrick Strawbridge

**Consovoy McCarthy PLLC**

Ten Post Office Square

8th Floor South PMB #706

Boston, MA 02109

617.227.0548 (work)

████████████████

www.consovoymccarthy.com




---