IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD J. TRUMP; THE TRUMP ORGANIZATION, INC.; TRUMP ORGANIZATION LLC; THE TRUMP CORPORATION; DJT HOLDINGS LLC; THE DONALD J. TRUMP REVOCABLE TRUST; and TRUMP OLD POST OFFICE LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>MAZARS USA LLP,<br><br>*Defendant*,<br><br>COMMITTEE ON OVERSIGHT AND REFORM OF THE U.S. HOUSE OF REPRESENTATIVES,<br><br>*Intervenor-Defendant.* | Case No. 1:19-cv-01136-APM |

**REPLY TO PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANT'S NOTICE**

As Intervenor-Defendant Committee on Oversight and Reform of the United States House of Representatives (Committee) stated in its July 14 Notice (Doc. 67), it has received documents from the General Services Administration (GSA) in response to the Committee's April 12, 2019 request related to the lease between President Trump's business and GSA for the Old Post Office

Building.  In total, this production is approximately 1,600 pages.[1]  It includes six financial statements, each less than 20 pages in length, that fall within the scope of the Committee's subpoena to Mazars.  Based on the Committee's review, on their face, these six financial statements are the only documents provided by GSA that are Mazars documents and responsive to the subpoena.  As the Committee stated in its Notice, in an effort to reduce Mazars' production burden, the Committee will communicate with Mazars to identify whether any of the documents provided by GSA are identical to documents in Mazars' possession and can therefore be excluded from Mazars' production.

Plaintiffs' Response (Doc. 68) restates many of the same arguments that they have previously raised with the Court.  However, nothing about GSA's production, or the small number of documents responsive to the Committee's subpoena contained therein, changes the fact that the Committee still needs the documents it has subpoenaed from Mazars for the reasons stated in its previous filings.  With specific regard to the Old Post Office Building, the Committee needs documents to determine the accuracy and completeness of the information submitted to GSA, to assess the need for legislative reforms to safeguard the GSA bid process and the administration of its leases, and to address the constitutional deficiencies and potential Emoluments Clause violations stemming from the Old Post Office Building lease.

Dated:  July 23, 2021

/s/ *Douglas N. Letter*
Douglas N. Letter (D.C. Bar No. 253492)
*General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
Stacie M. Fahsel (D.C. Bar. No. 1034314)
Eric R. Columbus (D.C. Bar. No. 487736)
OFFICE OF GENERAL COUNSEL

---

[1] The size of the production is as Committee counsel stated in a July 15 email to Plaintiffs' counsel (Doc. 68, Ex. A at 5).  An earlier email sent by Committee counsel (*id.* at 5-6) inadvertently stated that the production consisted of "approximately 16,000 pages."

U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

Alan D. Strasser (D.C. Bar No. 967885)
Jennifer S. Windom (D.C. Bar No. 502481)
D. Hunter Smith (D.C. Bar No. 1035055)
Brandon L. Arnold (D.C. Bar No. 1034238)
Leslie C. Esbrook (D.C. Bar No. 1670737)
Jeffrey C. Thalhofer (D.C. Bar No. 1658324)
ROBBINS, RUSSELL, ENGLERT,
ORSECK & UNTEREINER LLP
2000 K Street, NW, 4th Floor
Washington, DC 20006
(202) 775-4500
astrasser@robbinsrussell.com

*Counsel for Intervenor-Defendant Committee on Oversight and Reform of the U.S. House of Representatives*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, I filed this document with the Court via ECF, which will electronically notify all counsel of record.

/s/ Douglas N. Letter
Douglas N. Letter