### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DONALD J. TRUMP,** *et al.* | * | |
| | * | |
| *Plaintiffs*, | * | |
| | * | |
| v. | * | **Civil Action No.: 1:19-cv-01136-APM** |
| | * | |
| **COMMITTEE ON OVERSIGHT AND** | * | |
| **REFORM OF THE U.S. HOUSE OF** | * | |
| **REPRESENTATIVES,** *et al.* | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>ORDER</u>

THIS MATTER COMES before the Court on the request of the parties that the court retain jurisdiction over the settlement. In this case, plaintiffs, Donald J. Trump, The Trump Organization, Inc., Trump Organization LLC, The Trump Corporation, DJT Holdings LLC, The Donald J. Trump Revocable Trust, Trump Old Post Office LLC ("the Trump Entities") have sued Mazars and Intervenor-Defendant Committee on Oversight and Reform for declaratory and injunctive relief in connection with a congressional subpoena to Mazars. The Parties agree that the case has been settled and that the Stipulated Agreement fully and finally resolves the claims in this lawsuit.

Upon consideration of the submission(s) of the Parties, the Court finds that dismissal is proper under Rule 41(a)(2) of the Federal Rules of Civil Procedure and that it is appropriate to retain jurisdiction to enforce the settlement agreement entered into among the parties. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 381 (1994); *United States v. Franklin-Mason*, 742 F.3d 1051, 1055, 408 U.S. App. D.C. 319 (D.C. Cir. 2014) ("The [*Kokkonen*] Court indicated in dicta that a federal district court retains jurisdiction to enforce a settlement agreement if it either incorporates the settlement agreement into the dismissal order or

1

specifically includes a clause in the dismissal order retaining jurisdiction.") (citations omitted); *DC Soccer, LLC v. CapX Off. Sols*., LLC., No. 19-cv-3163 (BAH), 2021 WL 1061206, at *3 (D.D.C. Mar. 18, 2021) ("The principle underlying Kokkonen is that a district court lacks ancillary jurisdiction to enforce a settlement agreement in a dismissed case when the district court fails to incorporate the settlement terms into the dismissal order or otherwise expressly retain jurisdiction to enforce the settlement agreement."). *See also T Street Dev., LLC v. Dereje & Dereje*, 586 F.3d 6, 11 (D.C. Cir. 2009).

Accordingly, in view of the fact that Plaintiffs, Defendant, and Intervenor Defendant have entered into a Stipulated Agreement that is a full and final resolution of all of Plaintiffs' claims against all Defendants in this action, it is this ____ day of _____, 2022,

**ORDERED:** that the Stipulated Agreement entered among the Parties is attached hereto as Exhibit A, and is incorporated by reference; and it is

**FURTHER ORDERED:** that this Court has jurisdiction over the subject matter of this litigation and over the Parties to the Stipulated Agreement, and that the Court shall retain jurisdiction for the purposes of enforcing the terms of the settlement agreement and for the punishment of violations of any of its provisions; and it is

**FURTHER ORDERED:** that the Stipulated Agreement shall be and is entered as an Order of the Court; and it is

**FURTHER ORDERED:** that the Complaint is conditionally dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, subject to the terms set forth in this Order, which the Court considers proper, just, and necessary; and it is

**FURTHER ORDERED:** that the Parties shall file a motion for entry of dismissal with prejudice and termination of the case upon fulfillment of all of the terms of the Stipulated Agreement; and it is

**FURTHER ORDERED:** that this civil action be placed on the inactive docket subject to further order of the Court.

**SO ORDERED.**

Dated: _____          _____
                                                Amit P. Mehta United States District Judge

# Exhibit A

## STIPULATED AGREEMENT

The United States House of Representatives Committee on Oversight and Reform and its agents ("the Committee"); Donald J. Trump, Donald J. Trump Revocable Trust, the Trump Organization Inc., the Trump Organization LLC, the Trump Corporation, DJT Holdings LLC, the Trump Old Post Office LLC, the Trump Foundation together with their agents, subsidiaries and affiliates ("Plaintiffs"); and Mazars USA LLP ("Mazars") (the Committee, Plaintiffs and Mazars, collectively, the "Parties"), hereby enter into the following stipulation regarding the decision of the United States Court of Appeals for the D.C. Circuit in *Trump v. Mazars*, Case No. 21-5176, issued on July 8, 2022 ("the Panel Opinion") with respect to the subpoena with an original return date of April 29, 2019, issued by the Committee to Mazars (as modified by the Panel Opinion, the "Narrowed Subpoena");

I.    Mazars shall produce only those documents responsive to the Narrowed Subpoena as described in the Panel Opinion and Section VI herein. Mazars shall produce all documents responsive to the Narrowed Subpoena to the Committee as expeditiously as possible. Within one week of this Stipulated Agreement, Mazars shall meet and confer with the Committee to provide a timeline for production of all documents responsive to the Narrowed Subpoena. Mazars shall notify both Parties when its production is complete.

II.    Mazars and its counsel shall exercise their independent judgment in determining whether documents in its possession fall within the scope of the Narrowed Subpoena.

    a.    To the extent Mazars concludes additional information from either the Plaintiffs or the Committee is necessary to reaching a determination as to whether specific documents or information fall within the scope of the Narrowed Subpoena, Mazars shall advise <u>both</u> counsel for Plaintiffs and counsel for the Committee that it is requesting such additional information.

    b.    The notice referenced in (a) shall include: (1) a brief description of the documents or information at issue; (2) the category or categories in the Narrowed Subpoena that Mazars believes might apply to the documents or information at issue; and (3) a brief description of the additional information sought and how it would help Mazars to determine whether the documents or information at issue fall within the scope of the Narrowed Subpoena. To the extent either counsel for Plaintiffs or the Committee provide additional written information to Mazars in response

1

to this request without copying the other Party, they shall promptly share that additional information with the other party.

    c.  Mazars will provide notice of its determination to counsel for Plaintiffs and counsel for the Committee with regard to any document or information as to which Mazars requests additional information, as described in (a).

    d.  To the extent the Committee or the Plaintiffs have additional information that would allow Mazars to assess and identify information that falls within the Narrowed Subpoena, each may identify or provide records to assist Mazars in complying with the Narrowed Subpoena, with a copy to counsel for the other party.

    e.  Notwithstanding (a)-(d) above, if at any point Mazars determines a document or information falls within the scope of the Narrowed Subpoena, Mazars shall produce the document or information without delay.

III.    The Committee shall not serve any additional subpoena to Mazars seeking additional documents regarding Plaintiffs related to the facts under investigation in this matter before January 3, 2023, and Mazars shall notify Plaintiffs immediately if any such subpoena is subsequently served.

IV.    Plaintiffs shall not take any steps to unduly delay the production of responsive documents by Mazars; shall not require Mazars to submit documents to them prior to disclosure; and shall not require Mazars to classify a document as non-responsive.

V.    Neither party shall further appeal the Panel Opinion. Plaintiffs and the Committee agree not to seek to stay the mandate, and Plaintiffs agree to withdraw their Petition for Rehearing and Rehearing En Banc, filed August 22, 2022, within two days of this Stipulated Agreement. All parties agree to work in good faith to facilitate the production of all documents responsive to the Narrowed Subpoena to the Committee as expeditiously as possible, in accordance with the terms of this Stipulated Agreement, provided that nothing in this paragraph shall prevent a party from enforcing the Panel Opinion.

VI.   With respect to each request in the Narrowed Subpoena, the Committee and Plaintiffs have agreed to (and Mazars agrees to abide by) the following descriptions, date ranges, and time limitations.

a.   **Accounting records, source documents, and engagement letters from 2014–2018 that reference, indicate, or discuss any undisclosed, false, or otherwise inaccurate information about President Trump's or a Trump entity's reported assets, liabilities, or income.**

   i.   "Reported" means assets, liabilities, or income disclosed on, required to be disclosed on, or concerning either (a) President Trump's OGE Form 278e for 2015, 2016, 2017, or 2018; or (b) the Trump Organization's voluntary payments to the Department of the Treasury from 2017-2018 (together, "the Reports"). The narrowed subpoena does not cover documents concerning inaccuracies on any other forms or disclosures (to the extent that they are not responsive to another request).

   ii.   This category also includes any documents that reference, indicate, or discuss any undisclosed, false, or otherwise inaccurate information about President Trump's or a Trump entity's reported assets, liabilities, or income, even if these documents do not themselves reference the Reports (e.g., if inaccurate information regarding the value of one of President Trump's liabilities is reported on an OGE form, then all documents regarding that inaccurate information would be included, even if they do not specifically refer to the OGE form).

   iii.   Mazars must review the documents and produce only the responsive documents from 2014-2018 that "reference, indicate, or discuss any undisclosed, false, or otherwise inaccurate information." It cannot, for example, just produce documents in its possession and leave it to the Committee to determine what (if anything) is inaccurate.

   iv.   Mazars can use all available information, including all documents in its possession and publicly available records, to determine whether records "reference, indicate, or discuss any undisclosed, false, or otherwise inaccurate information," although it is not required to undertake any new audit, accounting, or analysis.

3

Mazars may, but is not required to, consult counsel for the Plaintiffs and/or the Committee, as described in Paragraph II.

v. For purposes of this request, documents are from 2014-2018 if they pertain to financial information for those years, including valuations or other information Mazars prepared or compiled for those years. Documents concerning work done for prior or later years are not responsive to this request.

b. **Associated communications from 2014–2018 related to potential concerns that information provided in the Reports was incomplete, inaccurate, or otherwise unsatisfactory.**

i. "Associated" means the communications must concern the preparation, compilation, review, or auditing of the documents or information produced in response to category a ("Accounting records, source documents, and engagement letters from 2014–2018 that reference, indicate, or discuss any undisclosed, false, or otherwise inaccurate information about President Trump's or a Trump entity's reported assets, liabilities, or income"). This category is not a free-floating request for communications about any inaccuracies on any other forms or disclosures in the covered period.

c. **All requested documents from November 2016–2018 belonging to Trump Old Post Office LLC.**

i. For purposes of this request, documents are responsive only to the extent they belong to Trump Old Post Office LLC and were received, created, dated, or sent during the period November 1, 2016, to December 31, 2018.

d. **All documents from November 2016–2018 referencing, indicating, discussing, or otherwise relating to, the Old Post Office lease.**

i. For purposes of this request, documents are responsive only to the extent they refer, indicate, discuss, or otherwise relate to the lease and were received, created, dated, or sent during the period November 1, 2016, to December 31, 2018.

4

e. **All documents from 2017–2018 related to financial relationships, transactions, or ties between President Trump or a Trump entity and any foreign state or foreign state agency, the United States, any federal agency, any state or any state agency, or an individual government official.**

    i. The payment of taxes or fees to the IRS or other state, local, or foreign tax authorities by Trump or Trump entities shall not, by itself, constitute "financial relationships, transactions, or ties" for purposes of this category.

    ii. Mazars must review the documents and produce only responsive documents (including by making necessary redactions, where such redactions are limited to non-responsive information, meaning they are unrelated to the responsive information contained in the document and are not necessary context to understand the responsive information contained in the document) that reflect "financial relationships, transactions, or ties" with "any foreign state or foreign state agency, the United States, any federal agency, any state or any state agency, or an individual government official."

    iii. Mazars cannot produce information about "relationships, transactions, or ties" between Plaintiffs and purely private individuals or entities—unless Mazars has a reasonable belief that a private individual or entity was acting for or on behalf of "any foreign state or foreign state agency, the United States, any federal agency, any state or any state agency, or an individual government official."

    iv. To assist Mazars in identifying responsive transactions, relationships, or ties, the Committee may give (subject to paragraph II(e)) Mazars lists of known foreign and domestic officials that Mazars can then use to search for and produce specific documents. However, the Committee's ability to provide such information shall not in any way reduce Mazars' duty to identify and produce information that falls within this or any other category.

    v. Mazars may also use reliable proxies for government officials—for example, a guest at the hotel was charged the "government rate" or who is known or reasonably suspected to be acting for or on behalf of "any foreign state or foreign state agency, the United States, any

federal agency, any state or any state agency, or an individual government official." Mazars shall exercise additional care and diligence in making this assessment where a guest has known ties to any jurisdiction identified as a Major Money Laundering Country in the March 2017 Money Laundering and Financial Crimes Volume of the International Narcotics Control Strategy Report of the United States Department of State.

vi. For purposes of this request, documents are responsive only to the extent they were received, created, dated, or sent during the time period of January 20, 2017, to December 31, 2018.

For the Plaintiffs:

_____

Patrick Strawbridge, Counsel

Date: _____

For the Committee:

_____

Douglas Letter, Counsel

Date: _____

For Mazars USA, LLP

_____

Counsel

Date: _____

6

federal agency, any state or any state agency, or an individual government official." Mazars shall exercise additional care and diligence in making this assessment where a guest has known ties to any jurisdiction identified as a Major Money Laundering Country in the March 2017 Money Laundering and Financial Crimes Volume of the International Narcotics Control Strategy Report of the United States Department of State.

vi.  For purposes of this request, documents are responsive only to the extent they were received, created, dated, or sent during the time period of January 20, 2017, to December 31, 2018.

For the Plaintiffs:

_____
Patrick Strawbridge, Counsel

Date: __August 30, 2022__

For the Committee:

_____
Douglas Letter, Counsel

Date: _____

For Mazars USA, LLP

_____
Counsel

Date: _____

6

federal agency, any state or any state agency, or an individual government official." Mazars shall exercise additional care and diligence in making this assessment where a guest has known ties to any jurisdiction identified as a Major Money Laundering Country in the March 2017 Money Laundering and Financial Crimes Volume of the International Narcotics Control Strategy Report of the United States Department of State.

vi.   For purposes of this request, documents are responsive only to the extent they were received, created, dated, or sent during the time period of January 20, 2017, to December 31, 2018.


For the Plaintiffs:

_____

Patrick Strawbridge, Counsel

Date: _____


For the Committee:

_____

Douglas Letter, Counsel

Date: August 29, 2022



For Mazars USA, LLP

_____

Counsel

Date: _____

federal agency, any state or any state agency, or an individual government official." Mazars shall exercise additional care and diligence in making this assessment where a guest has known ties to any jurisdiction identified as a Major Money Laundering Country in the March 2017 Money Laundering and Financial Crimes Volume of the International Narcotics Control Strategy Report of the United States Department of State.

vi.   For purposes of this request, documents are responsive only to the extent they were received, created, dated, or sent during the time period of January 20, 2017, to December 31, 2018.

For the Plaintiffs:

_____

Patrick Strawbridge, Counsel

Date: _____

For the Committee:

_____

Douglas Letter, Counsel

Date: _____

For Mazars USA, LLP

_____

Counsel   THOMAS R. MANISERO

Date: August 29, 2022

6